UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

LENNETT GENSEL,                                       Case No. 13-cv-1196-RTR

        Plaintiff,

vs.

PERFORMANT TECHNOLOGIES, INC.

        Defendant.

## AMENDED COMPLAINT

NOW COMES, Plaintiff, Lennett Gensel, by and through her attorneys, DeLadurantey Law Office, LLC, and complains of Defendant, Performant Technologies, Inc. and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

## INTRODUCTION

### Nature of the Action

1. This lawsuit arises from the collection attempts of the Defendant.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*; the Wisconsin Consumer Act ("WCA"), Wis. Stat. 427, and out of the invasions of Plaintiff's personal privacy by Defendant and their agents in their illegal efforts to collect a consumer debt.

Drafted by:
Heidi N. Miller, SBN 1087696
735 W. Wisconsin Ave, Suite 720
Milwaukee, WI 53233
(414) 377-0515; Fax (414) 755-0860
Heidi@dela-law.com

**Jurisdiction and Venue**

3.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal cause of action.  Injunctive relief is available pursuant to the TCPA.

4.      Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

5.      Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.  Defendant is a foreign corporations, with a principal place of business in California.  They are subject to personal jurisdiction in Wisconsin, since they conduct business in Wisconsin.

**Parties**

6.      Plaintiff Lennett Gensel (hereinafter "Ms. Gensel") is a natural person who resides in the City of West Allis, County of Milwaukee, State of Wisconsin.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant Performant Technologies, Inc. (hereinafter "Defendant Performant") is a company located 333 North Canyons Pkwy, #100, Livermore, CA 94551.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

**BACKGROUND**

10.     In 2012, Ms. Gensel started to receive calls from Defendant Performant to her cellular phone.

11.     These calls occur on almost a daily basis.

12.     When Defendant Performant calls or leaves a voicemail, they ask for a person who is not the Plaintiff and who is not known by the Plaintiff.

13.     Upon information and belief, the person for whom they are calling incurred a debt to Great Lakes Higher Education Corporation & Affiliates, and Defendant Performant is attempting to collect on it.

14. On one occasion, Ms. Gensel answered the phone and was transferred to a live debt collector. When she informed the debt collector that she was not the person they were trying to reach and that this was not the correct number to call, the debt collector accused Ms. Gensel of lying, stating that she was the person who was being identified as owing the debt.

15. Despite Ms. Gensel informing them that they did not have the correct number, Defendant Performant's collectors continued to call her on a frequent and continuous basis.

16. When either answering the telephone or listening to her voicemail, Ms. Gensel would often hear a recorded or artificial voice from Defendant Performant.

17. The artificial and/or synthesized voice message instructed the recipient that if they were not the person to whom the call was directed to hang up.

18. A pause of a few seconds would follow the artificial and/or synthesized voice message and then another message instructed the recipient that if they were not the person to whom the call was directed to hang up and instructing the recipient to listen to the call in a private place.

19. Another pause of a few seconds would follow the artificial and/or synthesized voice message and then the message would continue, telling the listener that the caller was calling on behalf of Great Lakes.

20. Defendant Performant called Ms. Gensel so often and so frequently that eventually Ms. Gensel's voicemail box was filled to capacity with messages.

21. As a result of all of these messages, Ms. Gensel was not able to receive voicemails from other people who needed to contact her.

22. Additionally, Ms. Gensel has an autistic son and for emergency purposes, she keeps her phone on and at her desk while she is working. Her work day was consistently interrupted by these needless calls.

*Telephone Consumer Protection Act*

23. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

3

24. At all times relevant to this complaint, the Defendant Performant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

### *Illegal Auto-Dialed Collection Calls*

25. Within four years immediately preceding the filing of this lawsuit, Defendant Performant and its agents telephoned the Plaintiff's cellular telephones on numerous occasions in violation of the TCPA.

26. These calls show up on the Plaintiff's cellular telephone's caller ID as from 1-866-227-5599 and 1-209-858-3919.

27. Without Plaintiff's prior express consent, Defendant Performant and its collectors and agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect on this debt, on an almost daily basis.

28. All calls and messages were sent in willful violation of the TCPA and the FDCPA because Defendant never obtained the Plaintiff's prior express consent, and had no basis to believe that they had the Plaintiff's prior express consent.

29. Plaintiff did not have any business whatsoever with Defendant.

30. Plaintiff does not know who the person identified as owing the debt is.

31. Plaintiff has never signed on any loans for the person identified as owing the debt.

32. Plaintiff has never given out her cellular telephone number to Defendant Performant or its collectors.

33. Defendant Performant's repeated autodialed collection calls to Plaintiff's cellular telephone, within the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. §227 *et seq*.

34. Defendant Performant's repeated autodialed collection calls to Plaintiff's cellular telephone, within the last one year prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

### *Summary*

35. All of the above-described collection communications made to Plaintiff by Defendant Performant and other collection eomplyees employed by Defendant Performant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of her privacy by the use of repeated calls.

36. The Defendant's actions as described herein left the Plaintiff feeling helpless and victimized, as she was unable to stop the persistent and intrusive telephoning by the Defendant.

37. Ms. Gensel felt embarrassed that she was receiving debt collection calls at work for a debt that was not hers. She even explained to her co-workers the situation so that they would not judge her for receiving these collection calls.

38. The Defendant's persistent autodialed calls eliminated the Plaintiff's right to be left alone.

39. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had.

40. Defendant Performant's actions constituted unauthorized use of, and interference with the Plaintiff's cellular telephone service, for which the Plaintiff paid money.

### Count 1 – Violations of the Fair Debt Collection Practices Act (15 U.S.C. §1692)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendant Performant and its agents constitute numerous and multiple violations of the FDCP including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

43. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from Defendant Performant.

## Count 2 – Violation of the Telephone Consumer Protection Act (14 U.S.C. § 227 et seq.)

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Within the four year period immediately preceding this action, the Defendant Performant made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

46. The acts and or omissions of Defendant Performant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

47. As a causally-direct and legally proximate results of the above violations of the TCPA and the C.F.R., Defendant Performant at all times material and relevant hereto, as described in this Complaint, cause Plaintiff to sustain damages.

48. Defendant Performant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

49. Under 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

50. Defendant Performant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

51. Plaintiff is entitled to injunctive relief prohibiting Defendant Performant from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

## Count 3 – Invasion of Privacy by Intrusion Upon Seclusion

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasion of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

54. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customer** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

55. Defendant Performant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt from the wrong person, and calling her cellular telephone, and thereby invaded Plaintiff's privacy.

56. Defendant Performant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

57. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

58. The conduct of Defendant Performant and its agents, in enaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

59. Wisconsin has recognized the right to privacy in Wis. Stat. § 995.50.

60. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual and punitive damages from Defendant Performant in an amount to be determined at trial.

**Count 4 – Violations of the Wisconsin Consumer Act (Wis. Stat. § 427)**

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The debt that the Defendant was attempting to collect did not belong to the Plaintiff.

63. The amount that the Defendant was attempting to collect constitutes a "claim" as that term is defined at Wis. Stat. § 427.103(1).

64. Defendant's conduct violated 427.104(1)(h) in that the Defendant's conduct as described herein could reasonably be expected to harass a person related to the customer in which the Defendant was attempting to collect.

65. As a result of the defendant's illegal conduct, Ms. Gensel has suffered emotional distress and mental anguish.

66. Defendant Performant is liable to Plaintiff for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105.

**Trial by Jury**

67. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Ms. Gensel prays that this Court will enter judgment against Defendant Performant as follows:

A. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against the Defendant for the Plaintiff;

B. for an award of statutory damages of $1,000.00 per violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant for the Plaintiff;

C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against the Defendant;

D. for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant Performant and for Plaintiff;

E. for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant Performant and for Plaintiff;

F. for an injunction prohibiting Defendant Performant from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

G. for an award of actual damages from Defendant Performant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff;

H. for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105.

I. for such other and further relief as may be just and proper.

Dated this 5th day of February, 2014.

DeLadurantey Law Office, LLC

s/ Heidi N. Miller
Nathan E. DeLadurantey (WI# 1063937)
Heidi N. Miller (WI# 1087696)
DeLadurantey Law Office, LLC
735 W. Wisconsin Avenue, Suite 720
Milwaukee, WI 53233
(414) 377-0515; (414) 755-0860 - Fax
Nathan@dela-law.com
Heidi@dela-law.com