UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

LENNETT GENSEL,   Case No. 13-cv-1196

    Plaintiff,

vs.

PERFORMANT TECHNOLOGIES, INC.,

    Defendant.

### PLAINTIFF'S BRIEF IN OPPOSITION OF DEFENDANT'S MOTION TO STAY

### I. INTRODUCTION AND NATURE OF THE CASE

Plaintiff Lennett Gensel (hereinafter "Ms. Gensel"), hereby opposes Defendant Performant Technologies, Inc.'s (hereinafter "Performant") Motion to Stay on the grounds that the Court must apply the rules in effect at the time the events in the Plaintiff's amended complaint occurred, the doctrine of primary jurisdiction does not apply, and the Hobbs Act prevents the District Court from doing anything other than applying current FCC orders.

Ms. Gensel, who does not owe Performant any money, has sued Performant after Performant repeatedly called her cellular phone through its automated telephone dialing system and left pre-recorded messages without her consent in an attempt to collect another person's debt. As these actions fall squarely within the confines of the Telephone Consumer Protection Act (hereinafter "TCPA") and its purposes, Ms. Gensel brought the present lawsuit. At the outset it is important to note that this case was filed on October 23, 2013, but the Defendant's Motion to Stay was not filed until September 2, 2014, almost a year later and after mediation was

pending with Magistrate Judge Callahan. Discovery is now closed and dispositive motions are due on Saturday.

## II. THE DISTRICT COURT DOES NOT HAVE AUTHORITY TO DO ANYTHING OTHER THAN FOLLOW CURRENT FCC ORDERS.

### A. *The FCC has already ruled on the issues relevant to this lawsuit.*

Performant bases its motion to dismiss on the grounds that issues related to this suit are still winding through the FCC. This argument does not hold water. The precise issues of this case were decided by the FCC on January 4, 2008, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559 (Jan. 4, 2008). While Performant paints the picture that the TCPA exists to ban only "telemarketing" calls, this is only half the picture. The FCC has ruled squarely on the issue of debt collection and auto-dialed cell phone calls, stating that they are prohibited, unless there is prior consent:

> To ensure that creditors and debt collectors call only those consumers who have consent to receive autodialed and prerecorded message calls, we conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent… Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent

*Id.* at 565.

The issue has therefore been interpreted and decided. Cell phones are not fair game for creditors, or anyone else to auto dial without consent. This is why Ms. Gensel has filed suit. Consumers presently live with enough electronic harassment, and the robo-calls prevented by the TCPA fit neatly within this legislative rubric.

Additionally, the Seventh Circuit has already ruled on the issue of a consumer receiving autodialed calls on their cell phone for a debt owed by the previous owner of that phone number.

The Seventh Circuit held, "Consent to call a given number must come from its current subscriber… But this really means that Customer's authority to give consent, and thus any consent previously given, lapses when Cell Number is reassigned." *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637, 641 (7th Cir. 2012). In this case, Performant was making collection calls to Ms. Gensel on a debt owed by the person who previously had Ms. Gensel's cell phone number.

Next Performant states that this case should be stayed to let the FCC determine the definition of an automatic telephone dialing system ("ATDS"). Once again, this issue has already been decided by the 2008 ruling of the TCPA:

> In this Declaratory Ruling, we affirm that a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restriction on the use of autodialers… [W]here the subscriber has not made the number available to the creditor regarding the debt, we expect debt collectors to be able to utilize the same methods and resources that telemarketers have found adequate to determine which numbers are assigned to wireless carriers, and to comply with the TCPA's prohibition on telephone calls using an autodialer or an artificial or prerecorded voice message to wireless numbers.

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* at 566.

The Seventh Circuit even provided sample ways that a collector could avoid running afoul of the TCPA,

> • Have a person make the first call (§ 227(b)(1) is limited to automated calls), then switch to a predictive dialer after verifying that Cell Number still is assigned to Customer.
>
> • Use a reverse lookup to identify the current subscriber to Cell Number.
>
> • Ask Creditor, who obtained Customer's consent, whether Customer still is associated with Cell Number—and get an indemnity from Creditor in case a mistake has been made.

*Soppit.* at 642. But Performant took no precautions, and now they want to hide behind two pending petitions in front of the FCC, neither of which will have the effect of changing the fact that the 2008 Rule was in effect at the time of Performant's contact to Ms. Gensel in 2013.

Given the direction already provided by the FCC, this case should not be stayed, but is ready to move forward on dispositive motions.

### B. *The Doctrine of Primary Jurisdiction does not apply to the present case.*

In an effort to delay this proceeding, Performant has sought shelter in the common-law doctrine of primary jurisdiction. However, "[T]his doctrine is not applicable where the issue, regardless of its complexity, is not the reasonableness of the rate or rule, but a violation of such a rate or rule." *Interstate Commerce Comm'n v. All-Am., Inc.*, 505 F.2d 1360, 1362 (7th Cir. 1974). (quoting *Civil Aeronatuics Board v. Modern Air Transport, Inc.* 179 F.2d 622, 624 (2nd Cir. 1950)). There is no ambiguity in the present case that would require the court to refer this case to the FCC.

Plaintiff brought suit under the TCPA, which provides that certain entities must not "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party), using any automatic telephone dialing system or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). The FCC has the authority to implement and issue rules regarding the application of the TCPA and has on numerous times provided such rulings, some of which are directly on point to the present case before the Court.

In theory, the doctrine of primary jurisdiction is one of temporary voluntary abstention from a case, as "a doctrine that allows a court to refer an issue to an agency that knows more about the issue." *In re Starnet, Inc.* 355 F.3d 634, 639 (7th Cir. 2004). The Supreme Court has provided a solid framework for analyzing when it should be applied:

> Primary jurisdiction . . . applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.

*United States v. Western Pacific Railroad*, 352 U.S. 59, 63-64 (1956). While there is no fixed formula, "the question is whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation." *Id*. at 64.

If Performant was really invoking the primary jurisdiction doctrine instead of invoking a stall tactic, they would be asking that this Court temporarily abstain from hearing this case to allow this case to be referred to the FCC for a ruling on any issues which required the "special competence" of the FCC. *Id*. ("the judicial process is suspended pending referral of such issues to the administrative body for its views."). The Defendant in this case has made no application to the FCC for clarity on the factual issues of this case. The fact that a different corporation has made an application is irrelevant. What if next week, month, or year, yet another corporation made a different application for clarity or a new decision? If the Defendant's logic is actually applied it leads to an absurd result; this case could be indefinitely stayed in this court. It is important to note that if this case were stayed, the court would retain jurisdiction over the matter as the parties would then have to seek a declaratory ruling from the FCC, which has been

estimated in other cases to be a two to five year process.  But the Defendant has not suggested a declaratory ruling in this case.  And as discussed *supra*, the FCC has already ruled on the issues.

Performant points to uniformity as another reason to stay this case.  "Uniformity and consistency in the regulation of business entrusted to a particular agency are secured… by preliminary resort for ascertaining and interpreting the circumstance underlying legal issues to agency that are better equipped than courts."  *Western Pacific,* 352 U.S. at 64-65 (quoting *Far East Conference v. United States*, 342 U.S. 570, 574-575 (1952) (emphasis added).  Any attempt to assert that there is some form of an unanswered question or preliminary issue regarding the relevant portions of the TCPA is a red-herring.  Given the current binding FCC ruling from 2008, this case is currently within the conventional experience of the Court and does not require any extra-ordinary skill or knowledge from the Judge.  *Western Pacific* at 64.  The fact that the Defendant does not agree with these binding rules cannot be heard by the Court, as discussed *infra*.

### C. The Hobbs Act requires this Court to follow the current FCC order.

Since the Doctrine of Primary Jurisdiction does not apply to the present case, this Court must ask, does it have jurisdiction to determine the validity of the FCC's rulings and order?  The answer is no.  The defendant is bringing a Motion to Stay as a collateral attack on a binding 2008 FCC order.  They believe the FCC order is wrong, and now they want this case stayed while the FCC reviews that ruling and other topics.  However, it is the Court of Appeals that "has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of all final orders of the Federal Communication Commission…" 28 U.S.C. §2342(1) (hereinafter "Hobbs Act").

The Seventh Circuit explored this issue at length, finding that "deeming agency action valid or ineffective is precisely the sort of review that the Hobbs Act delegates to the courts of appeals in cases challenging final FCC orders." *CE Design v. Prism Business Media*, 606 F.3d 443, 448 (7th. 2010); *see also FCC v. ITT World Commc'ns, Inc.,* 466 U.S. 463, 468, (1984); *see also Wilson v. A.H. Belo Corp.,* 87 F.3d 393, 399-400 (9th Cir.1996).

The Supreme Court has also weighed in, "Exclusive jurisdiction for review of final FCC orders… lies in the Court of Appeals. 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a). Litigants <u>may not evade these provisions by requesting the District Court to enjoin action</u> that is the outcome of the agency's order." *Federal Communications Commission v. Itt World Communications, Inc.* 466 U.S. 463, 468 (1984) (emphasis added). As this case is not before a Court of Appeals, the District Court can only apply the current FCC rulings.

This approach is supported in other circuits as well. The Eighth Circuit held, prior to *CE Design*, that the Hobbs Act is violated when a party asks "the district court to decide whether the regulations are valid." *CE Design* at 448 (quoting *United States v. Any & All Radio Station Transmission Equip.,* 207 F.3d 458, 463 (8th Cir.2000)); *see also Biggerstaff v. FCC,* 511 F.3d 178, 184-85 (D.C.Cir.2007).

The Defendant points to two requests that are pending in front of the FCC (Dkt. 32, Exhibits A and B). These requests suggest that the FCC is operating outside of its authority by extending the TCPA to cover non-telemarketing activities and by including predictive dialers within the definition of an automatic dialer. "But as the Supreme Court has made clear, a litigant can't avoid the Hobbs Act's jurisdictional bar simply by accusing an agency of acting outside its authority." *CE Design* at 448.

The Hobbs Act creates a "procedural path designed by Congress [to] serve[] a number of valid goals: It promotes judicial efficiency, vests an appellate panel rather than a single district judge with the power of agency review, and allows 'uniform, nationwide interpretation of the federal statute by the centralized expert agency created by Congress' to enforce the TCPA." *CE Design* at 450, (quoting *United States v. Dunifer,* 219 F.3d 1004, 1008 (9th Cir. 2000), quoting *N.Y. Co. v. N.Y Dep't of Labor,* 440 U.S. 519, 528, (1979)); *see also Sw. Bell Tel. Co v. Ark. Pub. Serv. Comm'n,* 738 F.2d 901, 906-07 (8th Cir. 1984) (vacated on other grounds).

The Defendant is not on the procedural path designed by Congress, but is instead hoping that the Court will stay the case, hoping that the FCC will give a ruling that supports its position, and then hoping that the Court will apply the potential new rule instead of the rule in effect at the time of the Defendant's violations. Staying the case will not change the fact that the 2008 FCC order was in effect during the time of the allegations that comprise this lawsuit. This collateral attack on the FCC's rules should not be allowed.

### D. *Justice delayed is justice denied.*

It has been said that justice delayed is justice denied. This Motion to Stay comes over ten months after the case was filed. There is no reason that this case should be stayed. The Defendant has not asked this case to be sent to the FCC under the doctrine of primary jurisdiction; they just asked for permission to stall the inevitable. Additionally, under the Hobbs Act, the FCC's rules are binding on this court. The only reason to stay this case would be to unduly delay it. Justice demands that this case proceed on its merits and under the FCC order that was in effect at the time the events detailed in the complaint took place.

### III. CONCLUSION

A Motion to Stay is not appropriate in this case.  The Plaintiff respectfully requests that the Court deny the pending Motion and allow the case to move forward.

Dated this 28th day of October, 2014.

> Respectfully Submitted,
>
> By: s/ Nathan E. DeLadurantey
> Nathan E. DeLadurantey, (WI #1063937)
> Heidi N. Miller (WI # 1087696)
> **DELADURANTEY LAW OFFICE, LLC**
> 735 W. Wisconsin Ave, Suite 720
> Milwaukee, WI 53233
> Telephone:  (414) 377-0515
> Facsimile:   (414) 755-0860
> nathan@dela-law.com
> heidi@dela-law.com
>
> **ATTORNEYS FOR PLAINTIFF**